1

2

3

4

5

6

7

8

IN THE UNITED STATES DISTRICT COURT

9

FOR THE EASTERN DISTRICT OF CALIFORNIA

10

MICHAEL VIGIL,

11

       Plaintiff,                No. CIV S-08-0754 LEW KJM PS

12

   vs.

13

AUTOZONE, INC.,

14

       Defendant.         <u>ORDER</u>

15

_____/

16

       Plaintiff is proceeding in this action pro se.  Plaintiff has requested authority

17

pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis.  This proceeding was referred to this

18

court by Local Rule 72-302(c)(21).

19

       Plaintiff has submitted the affidavit required by § 1915(a) showing that plaintiff is

20

unable to prepay fees and costs or give security for them.  Accordingly, the request to proceed in

21

forma pauperis will be granted.  28 U.S.C. § 1915(a).

22

       The federal in forma pauperis statute authorizes federal courts to dismiss a case if

23

the action is legally "frivolous or malicious," fails to state a claim upon which relief may be

24

granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C.

25

§ 1915(e)(2).

26

/////

1        A claim is legally frivolous when it lacks an arguable basis either in law or in

2    fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-

3    28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

4    indisputably meritless legal theory or where the factual contentions are clearly baseless.

5    Neitzke, 490 U.S. at 327.

6        A complaint, or portion thereof, should only be dismissed for failure to state a

7    claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set

8    of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King &

9    Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer

10   v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a

11   complaint under this standard, the court must accept as true the allegations of the complaint in

12   question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the

13   pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,

14   Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

15       The court finds the allegations in plaintiff's complaint so vague and conclusory

16   that it is unable to determine whether the current action is frivolous or fails to state a claim for

17   relief.  It appears that plaintiff is appealing a product liability action originally filed in the

18   Superior Court of California.  Plaintiff is advised that this court does not sit as an appellate court

19   for state court decisions.  In addition, there is no provision for a plaintiff to remove this kind of

20   civil action to the federal court.

21       The court has determined that the complaint does not contain a short and plain

22   statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible

23   pleading policy, a complaint must give fair notice and state the elements of the claim plainly and

24   succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff

25   must allege with at least some degree of particularity overt acts which defendants engaged in that

26   support plaintiff's claim.  Id.  Because plaintiff has failed to comply with the requirements of

1   Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to

2   file an amended complaint.

3           If plaintiff chooses to amend the complaint, plaintiff must set forth the

4   jurisdictional grounds upon which the court's jurisdiction depends.  Federal Rule of Civil

5   Procedure 8(a).  Further, plaintiff must demonstrate how the conduct complained of has resulted

6   in a deprivation of plaintiff's federal rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).

7           In addition, plaintiff is informed that the court cannot refer to a prior pleading in

8   order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an

9   amended complaint be complete in itself without reference to any prior pleading.  This is

10  because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.

11  Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

12  pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

13  original complaint, each claim and the involvement of each defendant must be sufficiently

14  alleged.

15          In accordance with the above, IT IS HEREBY ORDERED that:

16          1.  Plaintiff's request to proceed in forma pauperis is granted;

17          2.  Plaintiff's complaint is dismissed; and

18          3.  Plaintiff is granted thirty days from the date of service of this order to file an

19  amended complaint that complies with the requirements of the Federal Rules of Civil Procedure,

20  and the Local Rules of Practice; the amended complaint must bear the docket number assigned

21  this case and must be labeled "Amended Complaint"; plaintiff must file an original and two

22  copies of the amended complaint; failure to file an amended complaint in accordance with this

23  order will result in a recommendation that this action be dismissed.

24  DATED:  April 15, 2008.

25

26  006/vigil2.ifp-lta

_____
U.S. MAGISTRATE JUDGE

3