IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL VIGIL,

      Plaintiff,                    No. CIV S-08-754 JAM KJM PS

   vs.

AUTOZONE, INC.,

      Defendant.                 <u>ORDER</u>

_____/

       Plaintiff is proceeding in this action pro se and in forma pauperis. Plaintiff has filed an amended complaint.

       The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

       As noted previously, a claim is legally frivolous when it lacks an arguable basis either in law or in fact. <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. <u>Neitzke</u>, 490 U.S. at 327.

1         A complaint, or portion thereof, should only be dismissed for failure to state a
2 claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set
3 of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King &
4 Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer
5 v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a
6 complaint under this standard, the court must accept as true the allegations of the complaint in
7 question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the
8 pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,
9 Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

10         The court finds the allegations in plaintiff's complaint so vague and conclusory
11 that it is unable to determine whether the current action is frivolous or fails to state a claim for
12 relief.  It appears that plaintiff is attempting to state a claim for products liability.  However,
13 there is no apparent basis for federal jurisdiction, inasmuch as the claimed damages are far below
14 the amount necessary to confer diversity jurisdiction under 28 U.S.C. § 1332.  In addition, in the
15 original complaint it appeared plaintiff was attempting to appeal a product liability action
16 originally filed in the Superior Court of California.  If so, this court has no appellate jurisdiction
17 over the decisions of that court.

18         The court has determined that the complaint does not contain a short and plain
19 statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible
20 pleading policy, a complaint must give fair notice and state the elements of the claim plainly and
21 succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff
22 must allege with at least some degree of particularity overt acts which defendants engaged in that
23 support plaintiff's claim.  Id.  Because plaintiff has failed to comply with the requirements of
24 Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to
25 file a second amended complaint.
26 /////

1     If plaintiff chooses to amend the complaint again, plaintiff must set forth the jurisdictional grounds upon which the court's jurisdiction depends.  Federal Rule of Civil Procedure 8(a).  Further, plaintiff must demonstrate how the conduct complained of has resulted in a deprivation of plaintiff's federal rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).

    In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files a second amended complaint, the original pleading no longer serves any function in the case.  Therefore, in a second amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

    In accordance with the above, IT IS HEREBY ORDERED that:

    1. Plaintiff's amended complaint is dismissed; and

    2. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint"; plaintiff must file an original and two copies of the second amended complaint; failure to file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

DATED:  June 19, 2008.

_____
U.S. MAGISTRATE JUDGE

006
vigil2.lta